IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CHRIS GRINDLING, | ) | Civ. No. 06-00460 JMS-KSC |
| | ) | |
| Plaintiff, | ) | ORDER DENYING PLAINTIFF'S |
| | ) | MOTIONS FOR |
| vs. | ) | RECONSIDERATION AND FOR |
| | ) | ORDER TO PRODUCE |
| DETECTIVE WENDELL LOO, | ) | DISCOVERY |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER DENYING PLAINTIFF'S MOTIONS FOR RECONSIDERATION AND FOR ORDER TO PRODUCE DISCOVERY**

Before the court is *pro se* Plaintiff Chris Grindling's Motion for Reconsideration of the October 2, 2006 Order denying his Motion for Summary Judgment and Motion for an Order to Defendant to Produce Discovery. For the following reasons, Grindling's Motions are DENIED.

I. GRINDLING'S MOTION FOR RECONSIDERATION

A "motion for reconsideration must accomplish two goals. First, a motion for reconsideration must demonstrate reasons why the court should reconsider its prior decision. Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Donaldson v. Liberty Mut. Ins. Co.*, 947 F. Supp. 429, 430 (D. Haw.

1996) (citation omitted); *Na Mamo O 'Aha 'Ino v. Galiher*, 60 F. Supp. 2d 1058, 1059 (D. Haw. 1999).

Only three grounds justify reconsideration: (1) an intervening change in controlling law; (2) the discovery of new evidence not previously available; and (3) the need to correct clear or manifest error in law or fact in order to prevent manifest injustice. *See Mustafa v. Clark County School District*, 157 F.3d 1169, 1178-79 (9th Cir. 1998); *Great Hawaiian Financial Corp. v. Aiu*, 116 F.R.D. 612, 616 (D. Haw. 1987), *rev'd on other grounds*, 863 F.2d 617 (9th Cir. 1988). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000)).

Grindling admits that he failed to provide any evidence in support of his Motion for Summary Judgment. He seeks reconsideration, however, based on his belief that if the court orders Defendant to provide Grindling with a copy of a transcript of an April 13, 2005 state court proceeding, he will be able to prove that he is entitled to summary judgment on his claims.

Grindling's Motion for Summary Judgment was denied without prejudice because he failed to adequately support his Motion with any competent

evidence. If Grindling obtains a copy of the transcript that allegedly proves his case, he would be entitled to file a second, sufficiently supported Motion for Summary Judgment. At this time, however, any consideration (or reconsideration) of his Motion for Summary Judgment is premature. A Rule 16 Scheduling Order has not yet been issued in this action, and discovery has not yet begun.[1] After the Rule 16 Order is issued, Grindling can proceed with discovery in his suit. When he has the information that he alleges supports his request for summary judgment, he may file a duly-noticed Motion for Summary Judgment. The court will not, however, reconsider its October 2, 2006 Order Denying Summary Judgment at this time. Grindling provides nothing more than the same allegations he made in his Motion for Summary Judgment, without evidentiary support of any kind. The Motion for Reconsideration is DENIED.

II. GRINDLING'S MOTION FOR AN ORDER TO PRODUCE DISCOVERY

Grindling requests that the court issue an order directing Defendants to provide him copies of "all Documents and Tangible things in its Possession regarding above entitled Case and Transcript SP. No. 05-1-0016(3) hearing April

---

[1] Grindling is notified that the court does not hold scheduling conferences in prisoner *pro se* actions. Instead, on November 20, 2006, the court will simply issue an order to the parties setting discovery, motions, and trial dates.

13, 2005." (Mot. 1.) Grindling states that he is incarcerated and has no money to pay for these requested documents.

Generally, it is the obligation of a requested party to provide discovery that is relevant to the case. *See* Fed. R. Civ. P. 26(b)(1). Federal Rule of Civil Procedure 26(b) specifically provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . [or] reasonably calculated to lead to the discovery of admissible evidence." *Id.* The discovery rules are meant to be construed liberally so as to permit the discovery of any information which is relevant and is reasonably calculated to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26; *see also Hickman v. Taylor*, 329 U.S. 495 (1947). If a requested party believes any discovery request served upon it is unduly burdensome or oppressive, the requested party may seek a protective order from the court upon good cause shown. *See* Fed. R. Civ. P. 26(c).

Federal Rule of Civil Procedure 37(e) specifically provides the parties with the means to seek an order compelling disclosure or discovery where an "evasive or incomplete" answer or response is given to discovery requests. The party seeking discovery has the burden of proving that the responses are incomplete or evasive. *Continental Ins. Co. v. McGraw*, 110 F.R.D. 679, 682 (D.

Colo. 1986) (citing *Daiflon, Inc. v. Allied Chem. Corp.*, 534 F.2d 221 (10th Cir. 1976)).  However, where a party interposes objections, the burden falls on the objecting party to show why the interrogatory is objectionable.  *See Roesberg v. Johns-Manville Corp.,* 85 F.R.D. 292, 297 (E.D. Pa. 1980) (the burden falls upon the party resisting discovery to clarify and explain its objections and to provide support therefor).

   First, as noted, there has been no Rule 16 scheduling order issued in this case and discovery has not yet commenced.  Thus, it is premature for discovery motions.

   Second, Grindling provides nothing showing that he submitted interrogatories, requests for production, or requests for admissions for which Defendants refused to comply.  *See* Local Rules of Practice for the U.S. District Court for the District of Hawaii LR26.2.  His statement that the County "decided to refuse to provide" the state court transcript is insufficient to support his bare allegation.  By failing to produce such material, he fails to show that Defendants have actually refused his requests for discovery, or that Defendants' responses to his requests are incomplete or evasive.  Fed. R. Civ. P. 37(e).

   Third, Grindling fails to allege or submit evidence that he and opposing counsel have met and conferred in an attempt to resolve this dispute,

either in person or by telephone, prior to his filing this motion, as required by local rule. *See* LR37.1(a). Nor has he submitted a signed certificate of compliance with this rule. LR37.1(b).

Fourth, Grindling's request for discovery, seeking "all Documents and Tangible things in [Defendants] possession concerning the above entitled case" is clearly overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b).

Finally, turning to Grindling's claim that he is in prison and cannot afford to pay for the costs for his discovery request (copying the state court transcript), the court notes that Grindling is not proceeding *in forma pauperis* in this action; therefore he has not been determined indigent for the purposes of this suit. Thus, to the extent that he may be entitled to certain accommodations by virtue of indigency, he is not yet so qualified. However, even if the court finds that Grindling qualifies as an indigent and grants him *in forma pauperis* status, he is still not entitled to a waiver or shifting of the costs for discovery. *See Murray v. Palmer*, 2006 WL 2516485 (N.D.N.Y. Aug. 29, 2006) ("Although Plaintiff has been granted in forma pauperis status under 28 U.S.C. § 1915, such status does not relieve him of the duty to pay his share of the cost of discovery (or somehow shift

that cost to either Defendants or the Court)."); *see also Tedder v. Odel*, 890 F.2d 210, 211 (9th Cir. 1989).

Copying costs for discovery documents are, however, "legal obligations" within the meaning of the State of Hawaii, Dep't of Public Safety, Policies & Procedures Manual, Policy No. 493.02.12 (4.5)(b)(2)(b)(1993). Normally, an indigent inmate with a docketed case may draw against his inmate trust account to pay for legal copies and stamps for legal filings, regardless of the lack of money in the account. When the money becomes available, the prison will then withdraw the funds to pay for previous legal expenses. If this is no longer the case, and Grindling is unable to do so, after he properly notifies Defendants of his request for discovery documents, he may so advise the court.

The Motion for an Order to Defendant to Produce Discovery is DENIED.

### III. CONCLUSION

1. Grindling's Motion for Reconsideration is DENIED.

//

//

//

//

2.  Grindling's Motion for an Order to Defendant to Produce Discovery is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 31, 2006.

/s/ J. Michael Seabright

J. Michael Seabright
United States District Judge

*Grindling v Loo, et al.*; Civ. No. 06-00460 JMS-KSC, Order Denying Plaintiff's Motions for Reconsideration and for Order to Produce Discovery (dmp\ Recon\ Grindling 06-460 (dny & m comp disc))